actually due, the bills in those cases must be taken as confessed for want of proper answers.

In the fourth case, as the mortgage has not been given five years, there may, perhaps, be a valid defence to the bill of foreclosure at the present time, if the defendant applied and offered to pay the interest at or before the time when it became due and payable. But that fact is not stated in the answer or in any of the papers, with sufficient certainty to enable me to say the interest was punctually paid when it became due, or offered to be paid at that time. The bill in that case must, therefore, be taken as confessed also, unles Jewett and his wife shall, within twenty days, put in their answer, verified by oath, and showing that the interest money which became due and payable on the first of November, 1842, was paid or offered to be paid to the proper officer of the complainants, at, or before, or immediately after, the time when it became due and payable.

*Artemas Curtis* v. *Philip G. Van Wyck.* S. STEVENS, for complainant; C. O'CONNOR, for defendant. Decree of the vice chancellor affirmed, with costs.

Appeal from a surrogate.

*Walter Skidmore, appellant,* v. *Mary Isabel Shaw, respondent.* Appellant in proper person; H. E. DAVIES, for respondent.

THE CHANCELLOR. This is an appeal by W. Skidmore, the guardian for the respondent Mary Isabel Shaw, from a decision of the surrogate of the city and county of New-York, that the complaint and petition of the respondent, for the removal of her guardian, should be inquired into, and that the parties be heard by their proofs before the surrogate on a specified day, in relation to his alleged incompetency, misconduct and improvidence; and that the appellant, as guardian and administrator, pay to the respondent, or her proctor for her benefit, the sum of fifty dollars, and the weekly sum of five dollars, until further order, for her support and maintenance.

No objection appears to have been made before the surrogate, that the infant petitioned in person for the removal of her guardian. It was therefore the duty of the surrogate to

proceed and enquire into the matters of complaint stated in the petition, and no appeal lies from such an initiatory order, which decides nothing in the case; but the guardian should have waited until some decision had been made affecting his rights, by removing him from his office of guardian or otherwise. The appeal from so much of the order of the surrogate as appoints a time for hearing the parties, and directs that the complaint shall be enquired into, must therefore be dismissed. But I think the surrogate erred in directing the payment of money to the respondent, or her proctor, for her support, until it was ascertained whether he had any thing in his hands belonging to her, and which he was not legally bound to apply, as administrator of her father, in payment of debts due from the decedent. For it does not appear, upon the return of the surrogate, whether there was any thing in the hands of the appellant, in his character of guardian. And if the only funds in his hands were funds received by him in the character of administrator of the estate of the respondent's father, and the same was insufficient to pay the debts due from such estate, as I infer to have been the case if the appellant's affidavit in opposition to the application of the respondent is true, he could not legally be compelled to pay any part of such fund for the support of the respondent. That part of the order appealed from which directs the payment of money before the parties shall have had a hearing before the surrogate, must be reversed. And neither party is to have costs as against the other upon this appeal.